J. F. Daly.—[After stating foregoing facts.]
There being no evidence that the estate is in danger of being wasted, or that the assignee is not taking good care of *406 the trust property, the grounds presented are sufficient to warrant a dismissal of this application by a single creditor of one of the assignees for an accounting. The assignee is in no position to ask for a general accounting, and a special account for the benefit of this petitioner would lead to no result, and cause great expense.
I read the statute as vesting discretionary power in the county judge in compelling an accounting. The section in point (Laws of 1860, chap. 348, § 4, as amended by Laws of 1875, chap. 356, § 2) simply declares that the county judge “ shall have power” to issue citation, and compel accounting. Upon good cause shown upon return of the citation, the prayer of the petitioner may and ought to be denied. Where proceedings are pending to test the validity of the assignment, and also to seek to obtain the trust property by an assignee in bankruptcy, and there is no collusion, the accounting should be postponed until a definite result is reached.
Application denied. No costs.